Beebe *v.* Rogers.

.count is good and the demurrer should have been overruled.

Judgment reversed.

*Geo. S. Nightengale* and *T. S. & D. S. Wilson* for plaintiff in error.

*P. & J. M. Smith*, for defendant.

———•••———

BEEBE, *et. al. v.* ROGERS, *et. al.*

Where money was paid, upon the draft of one of three partners, but paid and used on joint account for the benefit of the firm, held that such advance might be recovered as an item in account against the firm.

ERROR *to Clinton District Court.*

*Opinion by* GREENE, J. Assumpsit by defendants in error, as surviving partners of the firm of A. Rogers & Co., for charges, commissions and advances made by them to J. W. Beebe and W. A. & J. E. Davidson. Cause submitted to a jury, and a verdict returned of $717 67 for the plaintiffs below.

As the account upon which judgment was rendered was in part, sustained by a written agreement made by Beebe and the said Davidson, we will briefly state its substance. The agreement was executed at Davenport, Iowa, January 15th, 1849, and stipulated that the Davidsons should purchase, on joint account with Beebe, good wheat, amounting to not over thirty thousand bushels, at prices not exceeding fifty-five cents per bushel, to be delivered to steamboats at good shipping points on the Mississippi river. The Davidsons were to purchase the wheat as much below the maximum

Beebe v. Rogers.

price as possible, and to manage the business, the sacking and the shipping with economy, and without charge. They were to share in the profits and be responsible for one half of the losses, and bear one half of the expenses and liabilities arising from the speculation. Beebe, on his part, was to furnish letters of credit from good houses in St. Louis, authorizing drafts of said Davidsons to an amount equal to twenty-five cents per bushel on purchases, as needed in payment for wheat, and the balance to be drawn for on shipment of wheat by forwarding bills of lading or warehouse receipts, with the drafts. The agreement also stipulated that a contract made between the parties in the fall of 1848, should be cancelled, and the wheat purchased under it then on hand, should be put in at cost to the new joint account; and the sum of three hundred dollars paid by Beebe to the Davidsons in the fall of 1848, should be applied to wheat purchases under new arrangement; and that a certain letter of credit forwarded by Beebe to them upon Alfred Rogers & Co., of St. Louis, should, in like manner, be used and applied in joint operation, and that the interest paid for money, exchange on drafts, and commission on sales of wheat, should be charged to joint account. Under this arrangement wheat was shipped to A. Rogers & Co., and cash advanced by them to said Beebe and Davidsons, on which A. Rogers & Co., claimed a balance of $1093 25. In the bill of particulars, filed by the plaintiff below, there is an item of one thousand dollars for cash paid on their drafts in favor of McIlvane & Happer. This draft was drawn by Beebe. The propriety of this charge is the principal question to be decided in this case. It is contended that as this draft was drawn by Beebe alone, the partnership formed by the agreement referred to, could not be made liable, as their name does not appear upon any part of the bill. This doctrine would be appropriate if the recovery in this case was sought upon the bill or draft specially. But this action is not upon the draft, nor

Beebe *v.* Rogers.

is the draft referred to in the declaration or sought to be enforced against the defendants. As the draft was upon the plaintiffs, and was paid by them, it was virtually cancelled. It had performed its office; it had been paid and could not be again enforced. But as the money was paid by the order of Beebe alone, the question arises, how could the Davidsons be held accountable for the amount paid? It appears by the bill of exceptions that the money raised on the draft was for the use of the defendants below, as partners, and that the Davidsons knew it was so drawn; that there had been at least one similar transaction between the parties charged in plaintiff's account, and that Beebe had, as one of the partners, acknowledged the correctness of the plaintiff's account. The facts in the case, we think, sufficient'y show that the draft was taken up by the plaintiffs on the joint credit of the defendants, and that the proceeds of it went to their joint account and benefit in purchasing wheat. The thousand dollars must be considered as funds in the hands of A. Edwards & Co., received on wheat shipped to them, by Beebe & Davidsons; or as money advanced, to aid them in their wheat operations. The fact that money was drawn upon the order of Beebe alone cannot relieve the Davidsons from their liability, if the funds were drawn and used for their mutual benefit, and on joint account; especially where the action is not upon the order, but upon the account for money advanced to defendants jointly, as in this case. The instructions given by the court below, appear to have been substantially conformable to this doctrine. We, therefore, think that the judgment should not be disturbed.

Judgment affirmed.

*P. & J. M. Smith,* for plaintiffs in error.

*L. Clark,* for defendant.